UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

**JOHN PAUL KORIA, J.R.**                                                                                **PLAINTIFF**

**v.**                                                 **CIVIL ACTION NO. 5:23-CV-P130-JHM**

**BOBBI JO BUTTS** *et al.*                                                     **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

Plaintiff John Paul Koria, J.R., filed the instant *pro se* prisoner 42 U.S.C. § 1983 action. He filed a complaint (DN 1) and later filed a motion to amend the complaint (DN 9). Upon review, the motion to amend the complaint (DN 9) is **GRANTED**. *See* Fed. R. Civ. P. 15(a)(1)(A).

The complaint and amended complaint are before the Court for initial screening pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will allow some of Plaintiff's claims to proceed and dismiss other claims.

### I. SUMMARY OF FACTUAL ALLEGATIONS

Plaintiff was a convicted inmate at the Western Kentucky Correctional Complex (WKCC) at the time pertinent to the action. Plaintiff sues WKCC Warden Bobbi Jo Butts; Deputy Warden of Programs Christina Hatton; and Unit Administrators Beth Roberts and Debbie Grimes in their individual and official capacities.

Plaintiff states that on August 2, 2023, he filed a grievance "on WKCC Business dept" for withholding a check he received from the Internal Revenue Service (IRS) in violation of Kentucky Department of Corrections Policies and Procedures and the Fourteenth Amendment. He states that twenty minutes after he filed the grievance Defendant Grimes called him to her office "to try and persuade me into not following through with said grievance to no avail." Plaintiff asserts that "when staff realized I had a legitimate claim, I was shipped to [Eastern Kentucky Correctional

Complex [EKCC]) as retaliation for said grievance . . . ." Plaintiff states that he has had multiple altercations with other inmates and has a "documented history of having been assaulted, extorted and exploited by gang members and was at WKCC as a protective management measure by staff & administration" of his previous institution. He asserts that WKCC has a "known propensity to retaliate & ship inmates who are there for protective management measure's to place's where they are garunteed to be assaulted or extorted." He maintains that WKCC staff knew why he was at the facility and that sending him to EKCC was a violation of his rights. Plaintiff states, "It is a known fact that EKCC & KSP have the largest and most aggressive gang population anywhere in the state & staff knowing I'm a former gang member going to a place of such nature and would be assaulted . . . ." He states that he filed his grievance on August 2, 2023, and that he was transferred on August 4, 2023. Plaintiff maintains that Defendants Butts, Hatton, Roberts, and Grimes violated his constitutional rights "by retaliating against me and shipping me to a place I would most likely be assaulted & hurt due to my past gang problems & history with inmates at my current facility for seeking redress of grievances . . . ."

Plaintiff also states that "WKCC staff have withheld my $1846.00 recovery rebate credit check even after my transfer violating my 14th amendment rights for due process violations . . . ." He states that the check was "received by WKCC staff the first week of July and they (almost 60 days later) continue to withhold my funds illegally & continue to tell EKCC staff they never received said check."

In Plaintiff's amended complaint (DN 9), he states that he brings his retaliation claim under the First Amendment, rather than the Eighth Amendment.

As relief, Plaintiff seeks compensatory and punitive damages, an "Interstate Corrections Compact transfer," and release of his funds.

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

3

### III. ANALYSIS

#### A. Official-capacity claims

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Because Defendants are officers or employees of the Commonwealth of Kentucky, the claims brought against them in their official capacities are deemed claims against the Commonwealth of Kentucky. *See Kentucky v. Graham*, 473 U.S. at 166. State officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, because Plaintiff seeks money damages from state officers or employees in their official capacities, he fails to allege cognizable claims under § 1983. Additionally, the Eleventh Amendment acts as a bar to claims for monetary damages against these Defendants in their official capacities. *Kentucky v. Graham*, 473 U.S. at 169. Therefore, Plaintiff's official-capacity claims against Defendant for monetary damages will be dismissed for failure to state a claim upon which relief can be granted and for seeking monetary relief from Defendants who are immune from such relief.

#### B. Individual-capacity claims

##### 1. Retaliation

Upon review, the Court will allow Plaintiff's retaliation claims under the First Amendment to proceed against Defendants Butts, Hatton, Roberts, and Grimes in their individual capacities. In allowing the claims to proceed, the Court passes no judgment on their merit or ultimate outcome.

4

### *2. Withholding of check*

With regard to Plaintiff's claim regarding the withholding of his check from the IRS, the Supreme Court has held that where adequate remedies are provided by state law, the negligent or intentional loss or deprivation of personal property does not state a claim cognizable under the Due Process Clause of the Fourteenth Amendment. *Hudson v. Palmer*, 468 U.S. 517, 533, (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981) (*rev'd on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986)). To assert a claim for deprivation of property without due process pursuant to § 1983, a plaintiff must allege that state post-deprivation procedures are inadequate to remedy the deprivation. *Parratt*, 451 U.S. at 543-44. The law of this Circuit is in accord. For example, in *Vicory v. Walton*, 721 F.2d 1062 (6th Cir. 1983), the court held that "in § 1983 damage suits claiming the deprivation of a property interest without procedural due process of law, the plaintiff must plead and prove that state remedies for redressing the wrong are inadequate." *Id*. at 1066. The Sixth Circuit has held that Kentucky's statutory remedy for such losses is adequate within the meaning of *Parratt*. *See Wagner v. Higgins*, 754 F.2d 186, 191-92 (6th Cir. 1985). Thus, because Plaintiff has adequate state law remedies for the alleged loss of his property, the claim must be dismissed for failure to state a claim upon which relief may be granted.

Moreover, to the extent Plaintiff alleges a violation of Kentucky Department of Corrections Policies and Procedures, the failure of prison officials to follow institutional policies or procedures does not give rise to a constitutional claim. *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995); *Stanley v. Vining*, 602 F.3d 767, 769 (6th Cir. 2010) ("It has long been established that the violation of a state statute or regulation is insufficient alone to make a claim cognizable under § 1983."); *Rimmer-Bey v. Brown*, 62 F.3d 789, 791 (6th Cir. 1995) (rejecting inmate's argument that prison failed to follow Michigan prison regulations in putting him in segregation). Therefore, Plaintiff's

claim based on a violation of prison policies and procedures must be dismissed for failure to state a claim.

### C. Request for transfer

In regard to Plaintiff's request for injunctive relief in the form of a transfer, a prisoner has no inherent right under the United States Constitution to be incarcerated in a particular institution. *See Montanye v. Haymes*, 427 U.S. 236, 242 (1976); *Meachum v. Fano*, 427 U.S. 215, 223-25 (1976); *Wilson v. Yaklich*, 148 F.3d 596, 601 (6th Cir. 1998); *Beard v. Livesay*, 798 F.2d 874 (6th Cir. 1986). In addition, Plaintiff has failed to demonstrate any state-created liberty interest in being transferred because in Kentucky, the transfer of prisoners is within the discretion of the corrections cabinet. *See* Ky. Rev. Stat. § 197.065. Therefore, Plaintiff's claim seeking a transfer must be dismissed for failure to state a claim upon which relief may be granted.

### IV. CONCLUSION

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that Plaintiff's official-capacity claims against all Defendants, his claims based on the withholding of his check, and his claim for a transfer are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1), (2) for failure to state a claim upon which relief may be granted and for seeking damages from a defendant who is immune from such relief.

The Court will enter a separate Service and Scheduling Order to govern the claims that have been permitted to proceed.

Date: February 2, 2024

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
Defendant Butts, Hatton, Roberts, and Grimes
General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4414.010